SILAS W. HENNESSEY, JR. AND KATHLEEN W. HENNESSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hennessey v. Commissioner
Docket No. 6608-76.
United States Tax Court
T.C. Memo 1977-272; 1977 Tax Ct. Memo LEXIS 166; 36 T.C.M. (CCH) 1097; T.C.M. (RIA) 770272; August 16, 1977, Filed Silas W. Hennessey, Jr., pro se. Kenneth W. McWade, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $1,064 in petitioners' Federal income tax for the year 1974. The only issue remaining for decision is whether petitioner Silas W. Hennessey, Jr., is entitled to a deduction in excess of the amount of reimbursement he received from his employer, the Boeing Company, for employee away-from-home expenses, principally for meals and lodging.
All of the facts are stipulated and are so found. The pertinent *167 facts are summarized below. Silas W. Hennessey, Jr., and Kathleen W. Hennessey are husband and wife whose legal residence was in Seattle, Washington, when they filed their petition in this case. They filed a joint Federal income tax return for the calendar year 1974 with the Western Service Center, Ogden, Utah. In 1974 Silas W. Hennessey, Jr. (hereinafter referred to as the petitioner) was employed as a field service engineer by the Boeing Company, Seattle, Washington. During that year he was temporarily assigned to work at the Wurtsmith Air Force Base in Michigan. The work assignment lasted approximately 276 days. During the year 1974 the Boeing Company reimbursed its employees for travel expense at the rate $12of per day for meals plus out-of-pocket expenses, including rent and utilities. In connection with petitioner's temporary work assignment at the Wurtsmith Air Force Base, the Boeing Company reimbursed him a total of $5,506.78 for meals and out-of-pocket expenses incurred during the year 1974. On petitioner's Federal income tax return for 1974 he claimed a deduction of $9,936 for employee travel expense, which represented the cost of meals and lodging for 276 *168 days computed on the basis of $36 per day. Petitioner reported partial reimbursement from the Boeing Company of $4,750, rather than the $5,506.78 actually received, as miscellaneous income. In his statutory notice of deficiency dated April 29, 1976, the respondent allowed petitioner a deduction for employee away-from-home travel expenses equal to the amount of reimbursement ($5,506.78) the petitioner received from his employer. Respondent also adjusted the amount of reported miscellaneous income by $757, reflecting the difference between the amount of reimbursement actually received by petitioner from his employer. We must decide whether the petitioner's claimed travel expenses while away from home in 1974, in excess of the amount allowed by respondent, are deductible. Section 274(d) [1] provides that no deduction shall be allowed under section 162 for any travel expense unless the taxpayer substantiates by adequate records or sufficient evidence corroborating his own statement, among other things, the amount of such expense. Petitioner has not attempted to *169 substantiate the disputed portion of the claimed expenses. Instead, in reporting employee business expenses and reimbursements separately, the petitioner contends that he is entitled to $36 per day without compliance with section 162 and section 274 of the Code because Rev. Rul. 63-13, 1963-1 C.B. 69, and presumably section 1.274-5(e), Income Tax Regs., are discriminatory as to him, and therefore exceed the scope of the Commissioner's authority. This same argument was previously made by petitioner and rejected by this Court in Hennessey v. Commissioner,T.C. Memo. 1969-209, and Hennessey v. Commissioner,T.C. Memo. 1977-55, the only difference being the amount allowable under the applicable revenue ruling, Rev. Rul. 63-13 (providing for $25 per day), subsequently superseded by Rev. Rul. 71-412, 1971-2 C.B. 170 (providing for $36 per day) and later by Rev. Rul. 74-433, 1974-2 C.B. 92 (providing for $44 per day). Petitioner's argument overlooks the requirement of section 1.274-5(e), Income Tax Regs., that in order to qualify for such allowance of an amount up to the $36 (or $44) per day rate, *170 the employee must actually substantiate his claimed employee business expenses to his employer. His failure to meet such requirement can result in the employer being denied a deduction under section 162 as well as the employee. As pointed out in Hennessey v. Commissioner,T.C. Memo. 1977-55, avoidance of the substantiation requirements of section 274 would still not allow the deduction claimed because section 274 imposes an additional condition on deductibility under section 162. In our judgment section 1.274-5(f), Income Tax Regs., and Revenue Rulings 63-13, 71-412 and 74-433 comply with the Congressional mandate of the statute. Instead of being discriminatory, the requirements provide for substantiation to the employer, rather than the Commissioner, for employee business expense up to the amount of reimbursement claimed by the employer as deductible business expense under section 162. As such, the procedure does not provide a blanket allowance of $36 (or $44) per day, but a provision for substantiation to the employer with a concurrent limitation on the amount deductible as business expense by the employer equal to the amount so substantiated, with the *171 maximum allowable under the procedure of $44 per day in 1974, the year in issue here. Accordingly, we reject petitioner's latest challenge to Rev. Rul. 63-13, or its operative counterpart in the year 1974, Rev. Rul. 74-433. We sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩